UNITED STATES BANKRUPTCY COURT
EASTERN/WESTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

IN RE: ALBERTA WILSON                                     Case No:_____
    Debtors                              )            **Chapter 13**
                                         )

### CHAPTER 13 PLAN

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Payment to the Trustee.** Debtor shall pay $1,650.00 per month to the Trustee. The first payment will be made within 30 days of the filing of the petition. Payment shall be made from the source listed below:

    Name of Employer:           Self Pay
        Address:

    Payment is received ( ) Weekly   ( ) Bi-Weekly   ( ) Semi-Monthly   (XX) Monthly or ( ) Other. If Other, please specify_____

2. **Plan Length**. The Debtor proposes to pay all disposable income into the plan for the benefit of unsecured creditors for **not less than the applicable commitment period** (unless unsecured creditors are being paid in full (100%)). The plan length shall not exceed 60 months.

    The Debtor's plan length is 60 months. The following provision will apply if completed:

    Plan payments will increase by $_____ on _____, 20__ upon completion or termination of payments to _____.

3. **Administrative Claims.** Trustee will pay allowed administrative claims and expenses in full:

    (A). **Trustee's Fees and Expenses**. Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.
    (B). **Attorney's Fees**. The attorney fee is subject to approval by separate application:
        Amount paid to attorney prior to filing:   $0.00
        Amount to be paid by the Trustee:          $3,500.00

1

(C.) The ATTORNEY FEE is to be paid as follows:

( ) For any Plan payment LESS THAN $200.00/monthly, the initial compensation for the attorney shall not exceed $1,000.00 after first paying administrative costs, including applicable Trustee's fees & administrative fees.

( ) For any Plan payment BETWEEN $200.00 and $499.00/monthly, the initial compensation for the attorney shall not exceed $1,200.00 after first paying administrative costs, including applicable Trustee's fees & administrative fees.

(XX) For any Plan payment MORE than $500.00/monthly, the initial compensation for the attorney shall not exceed $1,500.00 after first paying administrative costs, including applicable Trustee's fees & administrative fees.

(D.) After administrative costs have been paid, the remaining summary compensation shall be paid at a rate of 25% from the total amount disbursed to creditors each month.

(E.) Not withstanding the above provisions, GENERALLY, if there are only nonpriority unsecured claims to be paid in the plan or remaining to be paid in the plan, the attorney's fees shall be paid at the rate of 100% of the total plan payment, after first paying administrative costs, including applicable Trustee's fees & administrative fees, until paid in full.

4. **Priority Claims.**

   (A). **Domestic Support Obligations.**

   (i). Debtor shall pay all post-petition domestic support obligations directly to the holder of the claim.

   (ii). The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

   _____
   _____
   _____
   _____

   (iii). The following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

   _____
   _____
   _____

2

(iv). **Domestic Support Obligation Arrearage Claims**.  Unless otherwise specified in this Plan, the following domestic support obligation arrearage claims will be paid in full:

| Creditor<br>(Name and Address) | Arrearage Amount | Monthly Arrearage Payment |
|---|---|---|
|  |  |  |
|  |  |  |

(B). **Other Priority Claims (e.g., tax claims)**. These priority claims will be paid in full.

| Creditor | Debt Amount |
|---|---|
| IRS | $160.00 |
|  |  |
|  |  |

5. **Secured Claims.**
   (A). **Secured Claims.**

   (i). **Pre-confirmation Adequate Protection Payments.**  Until such time as the plan is confirmed, the Debtor's plan payment to the Trustee will be allocated to pay the following adequate protection payments. Prior to confirmation, the Trustee shall be authorized to disburse the payments upon the filing of an allowed claim by the Creditors listed below.  Payment of adequate protection payments will be limited to funds available.

| Creditor Name and Last 4 Digits of Account Number | Collateral | Adequate Protection Payment Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

   (ii). **Post-Confirmation Payments**. Post-confirmation payments to creditors holding secured claims shall be paid as set forth below.

   a. **Claims to Which § 506 Valuation is NOT Applicable**. Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within one year of filing.  The following claims will be paid as follows.

| Creditor/Collateral | Purchase Date | Debt Amount to be Paid | Value | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|
| US Bank |  | $11,850.00 | $11,850.00 | 5% | $223.62 |
|  |  |  |  |  |  |

3

      b. **Other Secured Claims**. Other secured claims will retain their liens and be paid the lesser of the amount of their claim or the value of their collateral. Any amount claimed by the creditors that exceeds the value of the collateral will be treated as a nonpriority unsecured claim.

| Creditor/Collateral | Purchase Date | Scheduled Debt Amount | Value | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|
| One Bank/Home (2nd mortgage) | | $15,000.00 | $126,000.00 | 5% | $283.07 |

      c. **Other Provisions.**

(B). **Long Term Debts, Including Debts Secured by Real Property Which Debtor Intends to Retain**. The Debtor proposes to pay secured debts, such as a home mortgage, and/or unsecured debts that will extend beyond the length of the plan, and for which the Debtor will resume payments to such creditor upon completion of the plan, pursuant to the terms of the respective agreements with the Creditors as described below. The regular monthly mortgage payments for real estate may be increased or decreased as provided under the loan documents from information provided by the Creditor and upon the absence of objection from the Debtor. The Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full.

| Creditor/Collateral | Monthly Payment | Pre-Petition Arrearage Amount | Monthly Arrearage Payment |
|---|---|---|---|
| Citibank/Home @ 3921 Foster St. | $763.08 | $13,000.00 | $232.00 |
| | | | |

**(C). Surrender of Collateral**. Debtor will surrender the property securing the following claims in accordance with 11 U.S.C. § 1325(a)(5)(C). No further payments are to be made to the creditor on the secured claim. The creditor, except those for which 11 USC § 506 does not apply, may file a claim for the deficiency amount remaining and the claim will be treated as a non-priority unsecured claim.

| Creditor | Collateral to be Surrendered |
|---|---|
| | |
| | |

6. **Special Nonpriority Unsecured Claims.**
The following special nonpriority unsecured claims will be paid prior to other nonpriority unsecured claims. The reason for the special treatment is stated below. Claims will be paid in full (100%) unless a different treatment is indicated.

4

| Creditor | Debt Amount | Interest Rate, If Any | Monthly Payment | Reason for Special Classification |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

7. **Nonpriority Unsecured Claims**. Allowed nonpriority claims shall be paid in full (100%) unless a different treatment is indicated below:

    ( ) A definite percentage of _____;

    ( ) A definite amount of subject to 11 U.S.C. §§ 1322 and 1325; or

    (XX) A PRORATA dividend from funds remaining after payment of all other classes of claims and the Debtor shall pay all projected disposable income into the plan for the benefit of unsecured creditors.

8. **Executory Contracts and Unexpired Leases**.  The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, or by the Trustee, as set forth below.  Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts set forth below.  All other executory contracts and unexpired leases are rejected upon confirmation of the plan.

| Creditor | Post-Petition Payment to be Paid Directly by Debtor, if Current (Number of Remaining Payments) | Post-Petition Payment to be Paid by Trustee | Arrearage Amount | Arrearage Monthly Payment |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

9. **Claims That Are Not to Be Paid by the Trustee.**
    The following claims are to be paid directly to the Creditor by the Debtor and not by the Trustee.  These claims include home mortgage, if current; lease payments, if current; and debts actually being paid by someone other than the Debtor from property that is not property of the estate.

| Creditor | Description of Property/Nature of Obligation |
|---|---|
|  |  |
|  |  |

5

10. **Other Provisions:**

   (A).  **Vesting of Property of the Estate.**  The property of the estate shall continue to be property of the estate until such time as a discharge is granted or the case is dismissed.  Unless otherwise provided, the Debtor shall remain in possession of all property of the estate.

   (B).  **Secured Claims Not Provided For in the Plan.**  In the event that a secured claim is allowed which is not provided for in the plan, then the trustee shall pay such creditor in full after this plan has in all other respects been completed.

   **(C).**  **Refunds.**  In order to assist the Debtor in performance of the plan, the trustee may from time to time grant refunds to the Debtor as may be necessary to satisfactorily complete the plan, provided that all sums necessary to complete the plan are ultimately paid by the Debtor.

   (D).  **Other Provisions.**  Other provisions of the plan which are not inconsistent with Title 11 of the United States Code, pursuant to 11 U.S.C. § 1322(b)(11), are as follows:

Date: September 9, 2014

\s\ Alberta Wilson

Debtor

\s\Kent Pray

\s\

Debtor's Attorney

Debtor

6